1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ayana Bufford, on behalf of herself and all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VXI Global Solutions LLC, a California limited liability company,<br><br>    Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Ayana Bufford, individually and on behalf of all others similarly situated ("Plaintiff") for her Complaint against Defendant VXI Global Solutions LLC ("VXI") alleges as follows:

### I. NATURE OF THE CASE

1.     Plaintiff brings this action against VXI for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and

1  its unlawful failure to pay wages due in violation of the Arizona Wage Statute, A.R.S. § 23-

2  350 *et seq.*

3       2.     This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to

4  recover unpaid overtime compensation, liquidated damages, statutory penalties and

5  damages owed to Plaintiff and all others similarly situated.  This lawsuit is also brought as

6  a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation

7  and treble damages resulting from VXI's violation of the Arizona Wage Statute.  For

8  collective action and class action purposes, the proposed Class consists of:

9          All current and former VXI employees, regardless of actual

10          title, whose job duties generally consist of fielding telephone

11          calls from customers of VXI's clients to assist in servicing their

12          needs at a VXI call center in Arizona during the last three years

13          ("Customer Service Representatives").

14       3.     For at least three (3) years prior to the filing of this action (the "Liability

15  Period"), VXI had and continues to have a consistent policy and practice of suffering or

16  permitting employees who worked as Customer Service Representatives, including

17  Plaintiff, to work in excess of forty (40) hours per week, without paying them proper

18  overtime compensation and incentive pay due as required by federal and state wage and

19  hour laws.  Plaintiff seeks to recover unpaid wages, including unpaid overtime

20  compensation, interest thereon, statutory penalties, reasonable attorneys' fees and litigation

21  costs on behalf of herself and all similarly situated current and former Customer Service

22  Representatives.  Plaintiff and all similarly situated current and former Customer Service

23  Representatives who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated

24  damages.

25       4.     Plaintiff intends to request the Court authorize notice to all similarly situated

26  persons informing them of the pendency of the action and their right to "opt-in" to this

27  lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation

28  and liquidated damages under federal law.

## II. JURISDICTION AND VENUE

5.       This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.       Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy.  This Court has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7.       Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District.  Plaintiff was employed by VXI in this District.

## III. PARTIES

8.       At all times relevant to the matters alleged herein, Plaintiff Ayana Bufford resided in the State of Arizona in Pima County.

9.       Plaintiff was a full-time, non-exempt employee of VXI employed as a Customer Service Representative at a VXI call center in Tucson, Arizona from April 2019 until May 19, 2020.

10.       As a Customer Service Representative for VXI, Plaintiff was initially paid an hourly wage of $14.00 per hour every week plus non-discretionary incentive pay based on a numerical formula associated with her job performance.  On or around December 23, 2019, Plaintiff began earning an hourly wage of $15.00 per hour every week plus non-discretionary incentive pay based on a numerical formula associated with her job performance.

11.       Plaintiff's Consent to be a Party Plaintiff and Opt In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A, affirming her consent to opt-in to this action and pursue her unpaid wages under the FLSA and act as the representative Plaintiff in the action on behalf of the Customer Service Representatives.

12.       Upon information and belief, Defendant VXI Global Solutions LLC is a California limited liability company authorized to do business in Arizona.

13.     VXI hires Customer Service Representatives like Plaintiff at call centers in Arizona to service the company's corporate customers, and VXI boasts that its Customer Service Representatives have more than 250 million interactions with customers per year. Plaintiff and the other similarly situated Customer Service Representatives are employees as defined in 29 U.S.C. § 203(e)(1) and are non-exempt employees under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350(2).

14.     At all relevant times, VXI was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 350(3).

15.     At all relevant times, VXI has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## IV. FACTUAL BACKGROUND

16.     VXI provides customer relationship services for companies throughout the United States and the world.  VXI provides support directly to the companies' customers, offering customer care and support, account and case management, billing and dispute management, and technical support.

17.     VXI employs hundreds of Customer Service Representatives at its call center in Arizona to provide customer support on behalf of the companies who contract with VXI.

18.     Plaintiff was employed by VXI as a Customer Service Representative at its Tucson, Arizona call center from April 2019 until May 19, 2020.

19.     As a Customer Service Representative, Plaintiff's responsibilities generally consist of fielding telephone calls from individual customers about services provided by VXI's corporate clients to answer their questions and service their needs.

20.     Plaintiff receives incoming calls from customers needing assistance.  The intake calls are routed from VXI's corporate clients to the VXI Customer Service Representatives, who then survey the needs of the individuals by telephone from the VXI call center.  Plaintiff then provides service to the customers by telephone, including assisting with billing issues, technical support, and sales and upgrades.

21.     Plaintiff was paid an hourly wage of $14.00 per hour when she first started working as a Customer Service Representative and her hourly wage eventually increased to $15.00 per hour.   She was also to receive non-discretionary incentive pay based on a numerical formula set by the company related to her performance.

22.     VXI set numerical goals for the Customer Service Representatives to achieve. If that goal is met, the Customer Service Representatives are paid incentive pay.

23.     Plaintiff's incentive pay consisted of less than one half of her overall earnings during the typical pay period.

24.     VXI routinely failed to pay Plaintiff the incentive pay she earned by making improper deductions from Plaintiff's paychecks.

25.     Plaintiff complained to her supervisor that she was not being paid correctly but the issue was not properly rectified, causing her not to be paid all the wages she was due.

26.     For example, from October 28, 2019 through November 10, 2019, Plaintiff earned $30 in incentive pay.  However, VXI deducted the $30 incentive pay that she earned from her paycheck for that pay period, resulting in a net payment of zero dollars for the incentive pay she had earned.  As a result, Plaintiff was not paid incentive pay she earned during that pay period.  Similarly, Plaintiff earned $150 in incentive pay from December 23, 2019 through January 5, 2020, but VXI deducted her $150 incentive pay resulting in her not receiving the wages she was due.  VXI similarly did not pay Plaintiff the incentive pay she earned from January 6, 2020 through January 19, 2020 in the amount of $101.50 and from March 16, 2020 through March 29, 2020 in the amount of $85.19.  Upon information and belief, these are just some examples of when VXI failed to pay Plaintiff all the wages she was due, including her incentive pay.

27.     There are other occasions in which VXI failed to pay Plaintiff wages she was due, resulting from other improper and unauthorized deductions that were taken from her pay, including deductions for her incentive pay and her cell phone costs.  For example, VXI

1   failed to pay Plaintiff for 26.12 hours that she worked and which should have been paid

2   with her April 17, 2020 paycheck.

3         28.   VXI also requires Plaintiff to perform work off the clock.  VXI requires all of

4   its Customer Service Representatives, including Plaintiff, to login to numerous computer

5   systems before every shift prior to clocking in on their work phones.  This can take at

6   minimum five minutes or as long as thirty minutes to complete on a given day.  The login

7   process that the Customer Service Representatives must complete prior to clocking in on

8   their work phone typically takes between a minimum of ten minutes and up to fifteen

9   minutes at the beginning of each shift, and the Customer Service Representatives are not

10   compensated for this time.  As a result of that login time, Plaintiff estimates that during the

11   typical week she worked approximately one hour of time for which she was not

12   compensated, and there were weeks when the amount of uncompensated off the clock time

13   she worked could be as high as two and half hours.

14         29.   VXI requires the Customer Services Representatives to login to at least five

15   different computer systems prior to clocking in on their work phones.  The Customer

16   Service Representatives first login to Windows, with their unique username and password.

17   They have to wait for this system to load, which can take a while.  Next, the Customer

18   Service Representatives must login to a computer system called Café, with another unique

19   username and password.  This system provides the customers' billing information and

20   contains necessary details for the Customer Service Representatives to perform their duties.

21   The Customer Service Representatives must then load the ASCR computer system which

22   contains billing information, with their unique username and password having to be put in

23   to load this system as well.  The Customer Service Representatives must then load the

24   Workbench computer system with another unique username and password.  This system

25   contains information about how to change a customer's services and must be loaded prior

26   to logging in on the phone.  Finally, the Customer Service Representatives must login to the

27   Vision computer system, which provides the individual's schedule for that given day, with

28   another unique username and password.  All of these systems must be loaded before the

1  Customer Service Representative clocks in on the work phone, which tracks their time.  This

2  is a requirement of VXI to ensure that once the Customer Services Representative is logged

3  into the phone and clocked in, they have the necessary information and computer systems

4  loaded to be able to answer calls and provide services up to the VXI standards.

5        30.    The work that Plaintiff and the Customer Service Representatives must

6  perform prior to clocking in is significant and indispensable to their job.  They do not have

7  an assigned work station so they must find a work station, login to the numerous computer

8  systems with individual usernames and passwords that are not saved due to the changing

9  work stations, and prepare their schedule and digest the information before they can clock

10 in  and  begin  taking  calls.    This  results  in  significant  time  the  Customer  Service

11 Representatives are routinely working off the clock.  This off the clock work could easily

12 be  remedied  through  modifications  in  VXI's  existing  timekeeping  practices,  such  as

13 enabling the Customer Services Representatives to login to their phone first without taking

14 calls so they can start tracking their time before they have to login to all their other computer

15 systems.

16       31.    The required off the clock work results in VXI failing to properly pay Plaintiff

17 and the Customer Service Representatives all the regular and overtime wages they are due,

18 despite VXI recognizing that the Customer Service Representatives are entitled to overtime

19 for hours worked over forty in a workweek.

20       32.    VXI's failure to pay wages is likely the result of VXI's failure to maintain

21 accurate records of its Customer Service Representatives' time and payroll in violation of

22 the FLSA, including records sufficient to accurately determine the wages and hours of

23 employment for Plaintiff and the similarly situated Customer Service Representatives.

24       33.    VXI's failure to maintain accurate payroll records also resulted in Plaintiff

25 and the similarly situated Customer Service Representatives routinely not receiving wages

26 for time that they worked, including overtime.

27       34.    For example, Plaintiff's pay statement for week 1 of her pay period from

28 October 14, 2019 through October 27, 2019 indicates that she was paid for 40.47 hours and

for week 2 that she was paid for 42.27 hours.  However, the time for which Plaintiff was compensated does not include the time she worked off the clock that week, including the time required to login to the numerous computers systems that week.  Plaintiff typically had to spend approximately one hour per week logging in to computer systems before she was clocked in, resulting in approximately two hours of unpaid overtime for the two weeks in the pay period.

35.     Similarly, Plaintiff's pay statement for week 2 of the pay period from February 3, 2020 through February 16, 2020 indicates that she was paid for 46.94 hours.  However, the time for which Plaintiff was compensated does not include the time she worked off the clock that week, including the time required to login to the numerous computer systems that week.  Plaintiff typically had to spend approximately one hour per week logging into the computer systems before she was clocked in, resulting in one hour of unpaid overtime for week 2 during this pay period.

36.     There are also numerous pay periods in which the requisite off the clock work performed logging in to VXI's computer systems resulted in unpaid straight time in addition to overtime.  For example, Plaintiff's pay stubs indicate that she worked 39.55 hours during week 1 of the pay period from September 30, 2019 through October 13, 2019 and 39.77 hours during week 2 of this pay period.  Plaintiff typically had to spend approximately one hour per week logging into computer systems before she was clocked in, resulting in one hour of unpaid time for each week during this pay period.  As a result, Plaintiff is due straight time for time worked up to 40 hours at the regular rate of pay and overtime for the time worked above 40 hours during each week for which she did not receive compensation.

37.     Plaintiff and the Customer Service Representatives were routinely required to work off the clock prior to the start of their shifts.  The above examples offer a sampling of weeks in which Plaintiff earned wages for which she was not paid.

38.     Plaintiff routinely works in excess of forty (40) hours per week as part of her regular schedule as a Customer Service Representative, including many hours for which she was required to work off the clock.

39.     Despite having worked numerous hours of overtime, Plaintiff was not paid proper overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over forty in a work week.

40.     VXI also failed to timely pay Plaintiff all the wages that she was due in violation of the Arizona Wage Statute, including incentive pay she earned and hours and wages that were improperly deducted by VXI.

41.     Plaintiff's duties, hours and compensation are indicative of the similarly situated Customer Service Representatives.

42.     VXI's improper policies and compensation practices applied to Plaintiff and all similarly situated Customer Service Representatives she purports to represent.

43.     VXI provided its Customer Service Representatives, including Plaintiff, with written policies and procedures uniformly applicable to all Customer Service Representatives governing the compensation practices applicable to them.

44.     All the Customer Service Representatives are uniformly subject to the same unlawful compensation practices that Plaintiff was subject to during her employment at VXI.

## V. COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings her claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action.  Plaintiff brings this action on behalf of herself and others similarly situated, properly defined in paragraph 2 above.

46.     VXI's illegal overtime wage practices were widespread with respect to the proposed Class.  The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

47.     VXI's overtime wage practices were routine and consistent.  Throughout the Liability Period, employees regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

48.     Other Customer Service Representatives performed the same or similar job duties as Plaintiff.  Moreover, these Customer Service Representatives regularly worked

more than forty hours in a workweek.  Accordingly, the employees victimized by VXI's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

49.    VXI's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action.  Thus, Plaintiff's experience is typical of the experience of the others employed by VXI.

50.    All Customer Service Representatives, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40).  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI. CLASS ACTION ALLEGATIONS

51.    The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3).  The Class is defined in paragraph 2 above.

52.    Throughout the Liability Period, VXI has employed hundreds of Customer Service Representatives in Arizona.  The Class is therefore so numerous that joinder of all members is impracticable.  Members of the Class can readily be identified from business records maintained by VXI.

53.    Proof of VXI's liability under the Arizona Wage Statute involves factual and legal questions common to the Class.  Whether VXI paid Class members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 is a question common to all Class members, including but not limited to whether they were paid all the incentive pay and other wages earned.

54.    Like Plaintiff, all Class members worked without being paid statutorily required wages.  Plaintiff's claim is therefore typical of the claims of the Class.

55.     Plaintiff has no interest antagonistic to those of other Class members and has retained attorneys who are knowledgeable in wage and hour and class action litigation.  The interests of Class members are therefore fairly and adequately protected.

56.     This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

57.     In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources.  Further, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

58.     Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class members.  Although the amount of damages may differ by individual, the damages are objectively ascertainable and can be calculated in a straightforward manner.

## VII. COUNT ONE

**(Failure to Pay Overtime Wages and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*)**

59.     Plaintiff, on behalf of herself and all those similarly situated, incorporates by reference all of the above allegations as though fully set forth herein.

60.     Plaintiff and the Customer Service Representatives are non-exempt, hourly employees entitled to the statutorily mandated overtime pay according to the FLSA.

61.     VXI was an employer pursuant to 29 U.S.C. § 203(d).

62.     VXI failed to comply with 29 U.S.C. § 207 because Plaintiff and the Customer Service Representatives worked for VXI in excess of forty hours per week, but VXI failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

63.     The work was performed at VXI's direction and with VXI's knowledge.

64.     VXI's failure to pay overtime to Plaintiff and the Customer Service Representatives was willful.  VXI knew Plaintiff and the Customer Service Representatives work overtime but failed to properly pay overtime wages.  VXI had no reason to believe its failure to pay overtime was not a violation of the FLSA.

65.     At all relevant times, VXI willfully, regularly, and repeatedly failed, and continues to fail to make, keep, and preserve accurate time records required by the FLSA with respect to Plaintiff and the other similarly situated Customer Service Representatives, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff and the Customer Service Representatives.

66.     Plaintiff and the Customer Service Representatives are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VIII. COUNT TWO

### (Failure to Pay Timely Wages Due - Arizona Wage Statute
### A.R.S. § 23-350 *et seq.*)

67.     Plaintiff, on behalf of herself and all those similarly situated, incorporates by reference all of the above allegations as though fully set forth herein.

68.     At all material times hereto, Plaintiff and the Customer Service Representatives were employed by VXI within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

69.     VXI was aware of its obligation to pay timely wages pursuant to A.R.S. §§ 23-351-353.

70.     VXI was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff and the Customer Service Representatives.

71.     VXI failed to timely pay Plaintiff and the Customer Service Representatives wages they are due without a good faith basis for withholding the wages.

1    72.    VXI has willfully failed and refused to timely pay wages due to Plaintiff and

2   the Customer Service Representatives.  As a result of VXI's unlawful acts, Plaintiff and the

3   Customer Service Representatives are entitled to the statutory remedies provided pursuant

4   to A.R.S. § 23-355.

5                      **IX. REQUESTED RELIEF**

6        WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

7   prays:

8        A.    For the Court to order VXI to file with this Court and furnish to Plaintiff's

9   counsel a list of the names and contact information of all current and former Customer

10  Service Representatives who worked at a VXI call center in Arizona within the past three

11  years;

12       B.    For the Court to authorize Plaintiff's counsel to issue notice at the earliest

13  possible time to all current and former Customer Service Representatives who worked at a

14  VXI call center in Arizona within the past three years immediately preceding this action,

15  informing them that this action has been filed and the nature of the action, and of their right

16  to opt-into this lawsuit if they worked hours in excess of forty (40) hours in a week during

17  the Liability Period, but were not paid overtime as required by the FLSA;

18       C.    For the Court to declare and find that VXI committed one or more of the

19  following acts:

20            i.     violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing

21  to pay overtime wages to Plaintiff and persons similarly situated who opt-in to this action;

22            ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

23            iii.   willfully violated the Arizona Wage Statute by failing to timely pay all

24  wages due to Plaintiff;

25       D.    For the Court to award compensatory damages, including liquidated damages

26  pursuant to 29 U.S.C. § 216(b) and treble damages pursuant to A.R.S. § 23-355, to be

27  determined at trial;

28

1       E.     For the Court to award interest due and accruing from the date such amounts

2  were due;

3       F.     For the Court to award such other monetary, injunctive, equitable, and

4  declaratory relief as the Court deems just and proper;

5       G.    For the Court to award restitution;

6       H.    For the Court to award Plaintiff's reasonable attorneys' fees and costs

7  pursuant to 29 U.S.C. § 216(b) and other applicable law;

8       I.     For the Court to award pre- and post-judgment interest;

9       J.     For the Court to award Plaintiff's resulting consequential damages, in an

10  amount to be proven at trial; and

11       K.    For such other relief as the Court deems just and proper.

12                     **X. DEMAND FOR JURY TRIAL**

13       73.    Plaintiff, on behalf of herself and all others similarly situated, hereby demands

14  trial of her claims by jury to the extent authorized by law.

15       DATED:  June 12, 2020

16

17                          BONNETT, FAIRBOURN, FRIEDMAN
                            & BALINT, P.C.

18

19                           /s/Ty D. Frankel
                          Ty D. Frankel

20                          2325 E. Camelback Road, Suite 300
                          Phoenix, Arizona 85016

21                          Telephone:  (602) 274-1100
                          Facsimile:  (602) 798-5860

22                          BONNETT, FAIRBOURN, FRIEDMAN &

23                          BALINT, P.C.
                          Patricia N. Syverson

24                          600 W. Broadway, Suite 900
                          San Diego, California 92101

25                          Attorneys for Plaintiff

26

27

28